IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MCGREAL, SR. and DENISE MCGREAL, <br><br> Plaintiffs, <br><br> v. <br><br> WESTMORELAND COUNTY, SHARA SAVEIKIS, Director of Westmoreland County Children's Bureau, in her individual and official capacity, <br><br> Defendants. | 2:18-cv-1601-NR |

## MEMORANDUM OPINION

### J. Nicholas Ranjan, United States District Judge

Plaintiffs William McGreal, Sr. and Denise McGreal claim that Defendants Westmoreland County and Shara Saveikis violated their constitutional due process rights by failing to abide by federal and state statutes that governed the custody and adoption of Plaintiffs' minor granddaughter. Defendants moved to dismiss Plaintiffs' claims on various grounds. After careful consideration of the parties' arguments, the Court will deny the motion [ECF 29].

### BACKGROUND

Plaintiffs are the paternal grandparents of M.M. [ECF 24, at ¶ 10]. M.M. was born with methadone in her system. [*Id.* at ¶ 13]. Both biological parents have a history of drug use. [*Id.* at ¶ 14]. Because of the methadone in her system at birth and her biological parents' demonstrated drug use, Westmoreland County Children's Bureau started dependency and custody proceedings in the best interests of M.M. [*Id.* at ¶ 13]. At all material times, Ms. Saveikis served as the Director of the Westmoreland County Children's Bureau. [*Id.* at ¶ 7].

At first, Westmoreland County allowed M.M. to remain in the care of Plaintiffs. [*Id.* at ¶¶ 17-18]. But Westmoreland County removed M.M. from

- 1 -

Plaintiffs' home when M.M.'s biological parents, who were also living there, tested positive for drugs. [*Id.* at ¶ 26]. Westmoreland County then placed M.M. in a non-kinship foster home. [*Id.* at ¶ 50]. Following long state-court proceedings that included trial-court hearings and an appeal, M.M's non-kinship foster parents adopted her. [ECF 30, at 1].

Plaintiffs filed their first amended complaint alleging that Defendants violated their procedural and substantive due process rights by not properly notifying them of their rights to participate in the care and placement of M.M.

Defendants moved to dismiss the first amended complaint. The parties have briefed the motion and it is ripe for disposition.

## DISCUSSION & ANALYSIS

Defendants make four arguments in support of their motion: (1) the claims against Ms. Saveikis should be dismissed because she is not a "person" who can properly be sued under Section 1983 [ECF 30, at 3]; (2) all claims should be dismissed because 42 U.S.C. § 671(a)(29) does not provide a private right of action; (3) all claims should be dismissed because Plaintiffs have not plausibly alleged a violation of their due process rights since they received adequate notice of the proceedings involving their granddaughter; and (4) all claims should be dismissed because the parties litigated them in the state trial court and thus they are barred by the *Rooker-Feldman* doctrine.

Defendants' arguments are unavailing at this stage for these reasons.

***First***, Defendants cite no authority supporting their assertion that Ms. Saveikis is not a "person" who can be sued under Section 1983. [ECF 30, at 3-4]. The one case they do cite in their brief, *Watkins v. Pennsylvania Department of Corrections*, 196 A.3d 272 (Pa Commw. Ct. 2018), stands for the opposite proposition.

While the court in *Watkins* held that a "state or state agency" is not a "person" that can be sued under Section 1983, the court clarified that "[a] cause of action ***can*** be asserted against a state official in his personal capacity, even though the acts on which liability is based were in the courts of his official duties." *Id.* (emphasis added) (citations omitted). The Third Circuit has also explained that "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his

- 2 -

subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (citation omitted).

Plaintiffs sued Ms. Saveikis "in her individual capacity" [ECF 24, at ¶ 8], and have alleged that she acted intentionally to violate their rights [*id.* at ¶¶ 96-97, 99, 110, 112]. That is enough at this stage.

Plaintiffs also sued Ms. Saveikis in her "official capacity." [*Id.* at ¶ 8]. Those claims likewise survive if Plaintiffs are only seeking to recover prospective, non-monetary relief.

Typically, "because a claim against a state official in his official capacity is merely another means by which to bring a claim against his office and in turn his employer, a state official … named in his official capacity is … not considered to be a 'person' subject to suit under" Section 1983. *Carson v. New Jersey Dep't of Corr.*, No. 16-5163, 2017 WL 131567, at *3 (D.N.J. Jan. 12, 2017). But there is a well-known exception that "arises where a plaintiff seeks only prospective injunctive relief." *Id.* (citations omitted). This exception is narrow and "does not permit judgments against state officers [in their official capacities] declaring that they violated federal law in the past." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145 (1993).

For the "official capacity" claims against Ms. Saveikis, Plaintiffs have alleged that they only seek "declaratory and injunctive relief." [ECF 24, at ¶ 8]. Provided that relief is forward-looking, the claims against Ms. Saveikis in her official capacity fall within the exception to the general rule.

***Second***, contrary to Defendants' next argument, Plaintiffs are not bringing a claim under 42 U.S.C. § 671, and thus it is immaterial whether that statute authorizes a private cause of action. Instead, Plaintiffs are using violations of that statute (as well as others) as evidence that Defendants violated their constitutional right to due process. That's different. It is no defense to Plaintiffs' separate Section 1983 due process claims to say that 42 U.S.C. § 671 does not authorize a private cause of action. Plaintiffs can rely on the statute as evidence without bringing a specific claim under the statute.

***Third***, Defendants' argument that Plaintiffs' due process claims should be dismissed because they received adequate notice of the proceedings regarding their granddaughter requires additional factual development. To rule in Defendants' favor, the Court would have to determine the precise nature of the notice provided, the degree to which Plaintiffs were afforded a chance to participate in the proceedings, and the extent of Plaintiffs' actual

participation, among other things. Further complicating matters is that Plaintiffs deny virtually every aspect of Defendants' version of what occurred during the state court proceedings. *See* [ECF 33, at 9-10]. The Court cannot resolve these issues at this stage of the case. *See, e.g.*, *Bancroft Life & Cas. ICC, Ltd. v. Intercontinental Mgmt. Ltd.*, No. 10-704, 2012 WL 2191856, at *4 (W.D. Pa. June 14, 2012) ("The Court agrees with [plaintiff] that the foregoing arguments raise issues of fact and, therefore, cannot be considered on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)"); *Kimberg v. Univ. of Scranton*, No. 06-1209, 2007 WL 405971, at *5 (M.D. Pa. Feb. 2, 2007) ("Accordingly, too many issues of fact exist to dispose of this issue at the motion to dismiss stage.").[1]

*Fourth*, Plaintiffs' claims were not previously litigated in the state-court proceedings and thus are not barred by the *Rooker-Feldman* doctrine.

Under the *Rooker-Feldman* doctrine, "lower federal courts [are barred] from exercising jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment." *Marran v. Marran*, 376 F.3d 143, 149 (3d Cir. 2004). A "case is the functional equivalent of an appeal from a state court judgment in two instances: (1) when the Court is asked to decide an issue that was already fully litigated in a state court, or (2) when the Court is asked to decide an issue that is inextricably intertwined with the state court adjudication." *Walthour v. Children & Youth Servs.*, 728 F. Supp. 2d 628, 640 (E.D. Pa. 2010) (citing *Marran*, 376 F.3d at 149). "If federal relief can only be predicated based upon a determination that the state court judgment was erroneous, or if federal relief would render the state judgment ineffectual, then the claim is inextricably intertwined with the state court adjudication." *Id.* (citing *Marran*, 376 F.3d at 150).

Defendants do not argue that Plaintiffs' federal due process claims were litigated in state court. [ECF 30, at 12-13]. Nor could they, because, as Plaintiffs point out, Plaintiffs were barred by raising their due process claims by the state court through an *in limine* order. [ECF 33, at 11, Exs. 1, 2]. As a result, *Rooker-Feldman* does not apply. *See Ernst v. Child & Youth Servs. of Chester Cty.*, 108 F.3d 486, 491 (3d Cir. 1997) ("[T]he district court was left to decide only Ernst's § 1983 claims for damages, which were grounded primarily in her allegations that the defendants violated her right to substantive due process when they formulated and made recommendations to the state court regarding Suzanne's dependency. … [I]t is clear that deciding the substantive

---

[1] Defendants are free to raise this argument again at summary judgment after the parties have fully developed the record through discovery.

due process claims did not involve federal court review of a state court decision because Ernst's substantive due process claims were never decided by the state court.").

## CONCLUSION

Because none of Defendants' arguments support dismissal, Defendants' motion is **DENIED.**

DATED this 28th day of January, 2020.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge